IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-11056
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO ANGUIANO-ROSALES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-162-ALL

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pedro Anguiano-Rosales appeals his sentence following his guilty plea for illegal reentry following removal in violation of 8 U.S.C. § 1326. For the first time on appeal, Anguiano-Rosales contends that Kimbrough v. United States, 128 S. Ct. 558 (2007), requires that his sentence be vacated and remanded for resentencing so that the district court can consider the sentencing disparity between defendants in the Northern District of Texas and similarly situated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants in jurisdictions with a fast-track program. Although not conceded by Anguiano-Rosales, this exact argument was decided contrary to his position in United States v. Gomez-Herrera, 523 F.3d 554, 557-64 (5th Cir.), petition for cert. filed (July 2, 2008) (No. 08-5226) and United States v. Rodriguez, 523 F.3d 519 (5th Cir.), petition for cert. filed (June 30, 2008) (No. 08-5101), and is foreclosed. To the extent that Anguiano-Rosales's appeal raises an equal protection argument, it is also foreclosed by circuit precedent. See United States v. Lopez-Velasquez, 526 F.3d 804, 808 (5th Cir.), petition for cert. filed (July 25, 2008) (No. 08-5514).

Anguiano-Rosales also raises arguments that are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

Because all of Anguiano-Rosales's arguments are foreclosed by circuit precedent, the Government moves for summary affirmance. In the alternative, the Government requests an extension of time in which to file a brief on the merits. The district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.